**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court."
Although it is posted on the internet, this opinion is binding only on the
parties in the case and its use in other cases is limited. R.1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-4785-14T2

STATE OF NEW JERSEY,

    Plaintiff-Respondent,

v.

JOSEPH HYMAN,

    Defendant-Appellant.

_____

        Submitted May 3, 2017 — Decided  June 27, 2017

        Before Judges Accurso and Manahan.

        On appeal from Superior Court of New Jersey,
        Law Division, Essex County, Indictment No. 93-
        04-1396.

        Law Offices of Ferro and Ferro, attorneys for
        appellant (Nancy C. Ferro, on the brief).

        Carolyn A. Murray, Acting Essex County
        Prosecutor, attorney for respondent (Tiffany
        M. Russo, Special Deputy Attorney
        General/Acting Assistant Prosecutor, of
        counsel and on the brief).

PER CURIAM

    Defendant Joseph Hyman appeals from a denial of a motion for

a new trial based upon newly discovered evidence.  We affirm for

the reasons set forth in the comprehensive written opinion of Judge Peter V. Ryan. We add the following.

I.

Tried by jury in 1994, defendant was convicted of murder, N.J.S.A. 2C:11-3(a)(1) and (2) (count one), a charge which, for purposes of sentencing was merged with possession of a weapon for unlawful purpose, N.J.S.A. 2C:39-4(a) (count three). Defendant was also convicted of unlawful possession of a weapon, N.J.S.A. 2C:39-5(b) (count two). On March 31, 1994, the judge imposed a thirty-one year term of incarceration with a minimum of thirty years parole ineligibility on count one and a concurrent term of five years imprisonment on count two.

On June 6, 1994, defendant filed a notice of appeal. We affirmed defendant's conviction and sentence. State v. Hyman, No. 5160-93 (App. Div. Sept. 19, 1995). Seven months later, the Supreme Court denied defendant's petition for certification. State v. Hyman, 143 N.J. 325 (1996).

Defendant then filed a petition for post-conviction relief (PCR) which was denied. In an opinion dated April 26, 1999, we affirmed the denial of the PCR, State v. Hyman, No. 3407-97 (App. Div. April 26, 1999), and the Supreme Court denied certification five months later. State v. Hyman, 162 N.J. 131 (1999).

On January 21, 2000, defendant petitioned for writ of habeas corpus before the United States District Court, which was denied without issuing a certificate of appealability. The United States Court of Appeals for the Third Circuit denied defendant's request for a certificate three months later due to defendant's failure to show a denial of constitutional rights pursuant to 28 U.S.C. § 2253(c)(2).

Defendant filed a second PCR which was denied in July 2002. We affirmed the denial on April 15, 2003. State v. Hyman, No. A-2455-02 (App. Div. Dec. 5, 2003). Defendant's petition for certification was denied. State v. Hyman, 179 N.J. 311 (2004).

II.

In September 2013, twenty one years after his conviction, defendant filed a motion for a new trial based upon "information [defendant] had received about the criminal background of the chief witness against [defendant], Gene Barclay." Defendant argued this newly discovered evidence reveals the State violated the Brady requirements by failing to disclose to defendant the full criminal history of Barclay. On April 6, 2015, the judge issued a written decision that denied the motion predicated on the factual legal analysis delineated. This appeal followed.

Defendant argues the following point on appeal.

<u>POINT I</u>

THE COURT BELOW ERRED IN DENYING DEFENDANT'S
MOTION FOR A NEW TRIAL BASED ON NEWLY
DISCOVERED EVIDENCE [].

In order for newly discovered evidence to warrant a new trial, the evidence must be "(1) material to the issue and not merely cumulative or impeaching or contradictory; (2) discovered since the trial and not discoverable by reasonable diligence beforehand; and (3) of the sort that would probably change the jury's verdict if a new trial were granted." <u>State v. Carter</u>, 85 <u>N.J.</u> 300, 314 (1981). All three prongs must be satisfied before a new trial is granted. <u>State v. Ways</u>, 180 <u>N.J.</u> 171, 187 (2004). A defendant has the burden to establish each prong is met. <u>State v. Smith</u>, 29 <u>N.J.</u> 561, 573, <u>cert. denied</u>, 361 <u>U.S.</u> 861, 80 <u>S. Ct.</u> 120, 4 <u>L. Ed.</u> 2d 103 (1959).

Defendant argues that the State's failure to disclose exculpatory evidence in the form of a partial prior record of a witness, Gene Barclay, was a due process violation under <u>Brady v. Maryland</u>, 373 <u>U.S.</u> 83, 83 <u>S. Ct.</u> 1194, 10 <u>L. Ed.</u> 2d. 215 (1963). In order to establish a <u>Brady</u> violation, a defendant must show: the prosecutor failed to disclose the evidence, the evidence was of a favorable character to the defendant, and the evidence was material. <u>State v. Parsons</u>, 341 <u>N.J. Super.</u> 448, 454 (App. Div. 2001) (internal citations omitted). A <u>Brady</u> violation therefore

4                                                          A-4785-14T2

occurs even where the evidence is not directly exculpatory, but rather "upon the suppression of evidence which is reasonably calculated to lead to evidence impugning the credibility of the State's witnesses." State v. Laganella, 144 N.J. Super. 268, 282 (App. Div. 1976) (citing State v. Taylor, 49 N.J. 440, 447-48 (1967); State v. Blue, 124 N.J. Super. 276 (App. Div. 1973)).

At the outset, we note that the judge held, and we agree, that defendant's Brady claim failed on procedural grounds in that the defendant failed to provide an affidavit attesting to the State's failure to comply with discovery. The judge then addressed the Carter prongs.

Regarding the first prong of Carter relating to the material and non-cumulative nature of the evidence, the judge found that Barclay was asked questions on direct examination regarding his criminal history. Additionally, the judge noted that Barclay's prior convictions were made available to the jury, and the jury was instructed prior to its deliberation that Barclay's criminal history was introduced for the limited purpose of evaluating his credibility. The judge concluded Barclay's additional criminal history would clearly be cumulative and solely used for the purpose of impeachment.

Concerning the second prong of Carter, that the evidence could not have been discovered through reasonable diligence, the

judge noted that "prior records are public records and, therefore, readily discoverable by the defense." As such, the judge held that defendant's claim of non-disclosure was "plainly insufficient."

As to the third prong of Carter, which requires that the newly discovered evidence be material and the sort that would alter the verdict, the judge noted that three of the four unreferenced convictions were disorderly persons offenses and inadmissible per N.J.R.E. 609 and that the fourth was probably inadmissible as well (although considered as potentially admissible for purpose of the motion). Additionally, the judge noted that evidence of "one more conviction would constitute additional fodder for cross-examination" and would be "cumulative." Therefore, the judge held defendant had not satisfied that prong by his failure to demonstrate that the evidence of these convictions would have altered the verdict.

Finally, the judge held that defendant failed to satisfy any of the required three prongs of the Carter test, and denied the motion for a new trial. Ways, supra, 180 N.J. at 187. Having considered the record in light of controlling principles of law, we discern no basis to disturb the judge's decision.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-4785-14T2